UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
2014 FEB 21 P 3: 40

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NEWPORT PUBLIC LIBRARY<br>Plaintiff,<br><br>v.<br><br>RHODE ISLAND STATE LABOR RELATIONS BOARD, by and through its Chairman, WALTER J. LANNI, and its Members, MARCIA B. REBACK, GERALD S. GOLDSTEIN, ELIZABETH S. DOLAN, BRUCE A. WOLPERT, FRANK J. MONTANARO, and SCOTT G. DUHAMEL; and NATIONAL EDUCATION ASSOCIATION OF RHODE ISLAND,<br>Defendants. | C.A. No. CA 14 - 98 ML |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

The Newport Public Library (the "Library") brings this action for a Declaratory Judgment under 28 U.S.C. § 2201 that the Library is an "employer" within the meaning of the National Labor Relations Act (the "NLRA"), 29 U.S.C. § 152(2), so therefore the NLRA and other federal labor laws completely preempt any action by the Rhode Island State Labor Relations Board (the "SLRB") related to the National Education Association of Rhode Island's charges of alleged unfair labor practices and its attempt to organize or represent the Library's employees for the purposes of collective bargaining; and for injunctive relief to prevent the SLRB and its members, agents, and employees from instituting, maintaining, and/or prosecuting any state action against the Library for the purposes of regulating conduct that falls under the jurisdiction of the National Labor Relations Board, or which conduct is protected by the First Amendment of the United States Constitution or the NLRA, 29 U.S.C. § 158(c).

## Parties

1. The Library is a Rhode Island Domestic Non-Profit Corporation with its principle place of business in Newport, Rhode Island ("Newport" or the "City").

2. Established by the Rhode Island Labor Relations Act, R.I. Gen. Laws § 28-7-4, and pursuant to R.I. Gen. Laws § 28-7-11, the SLRB is an independent board within the Rhode Island Department of Labor and Training that has authority to bring suit in its own capacity.

3. Walter J. Lanni is a Rhode Island resident. The SLRB holds him out as its Chairman, and the Library is suing him in his official capacity.

4. Marcia B. Reback, Gerald S. Goldstein, Elizabeth S. Dolan, Bruce A. Wolpert, Frank J. Montanaro, and Scott G. Duhamel are Rhode Island residents. The SLRB holds them out as members of the SLRB, and the Library is suing them in their official capacities. (Hereinafter, the SLRB, Mr. Lanni, Ms. Reback, Mr. Goldstein, Ms. Dolan, Mr. Wolpert, Mr. Montanaro, and Mr. Duhamel are referred to collectively as the "SLRB Defendants.")

5. The National Education Association of Rhode Island ("NEARI") is a Rhode Island Domestic Non-Profit Corporation with its principle place of business in Cranston, Rhode Island.

## Jurisdiction and Venue

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because it involves a controversy and issues of preemption arising under the NLRA, 29 U.S.C. § 151 et seq., which is a law of the United States, and it involves questions concerning the Library's rights under the First Amendment of the United States Constitution (the "First Amendment").

7. This Court also has original jurisdiction over this action under 28 U.S.C. § 1343(a)(3) because it seeks to redress the deprivation, under color of State law, by the SLRB Defendants of the Library's right to free speech under the First Amendment.

8. Venue lies in this Court under 28 U.S.C. § 1391(b)(1) because all of the defendants are Rhode Island residents.

## Facts

9. Administered and managed by an independent Board of Trustees, the Library is located in Newport, has occasionally received sizable donations from Newport, and (like dozens of other 501(c)(3) organizations) serves Newport's citizens, but it does so as a private, tax-exempt organization. For a period of over eighty years, the City of Newport did not make a single donation to the Library, and once donations are pledged and contributed, the City has no say over the manner in which the Library spends them.

10. Neither the City nor any other governmental entity has control over the Library's budget, finances, employees, operations, transactions, or governance. The City appoints just one, non-voting member to the Library's Board of Trustees, and the Board's fourteen voting members are appointed and elected by the Board itself through a procedure set forth in the organization's by-laws. Only the Board itself – through its voting members – has the authority to remove a Trustee.

11. On December 19, 2013, the City's Finance Department provided the Library with a determination letter indicating that the City would omit the Library from its Comprehensive Annual Financial Report ("CAFR") because, based on applicable standards of the Government Accounting Standards Board, it does not consider the Library to be a component unit of the City for financial reporting.

12.     The City's independent auditors, Cohn Reznick, LLP, have indicated in the City's CAFR for the period ending June 30, 2013, that: "The City does not have any organizations that meet the definition of component unit, entities for which the government is considered to be financially accountable, under the Governmental Accounting Standards Board Statement No. 61."

13.     The Library's employees are not enrolled in, nor are they eligible to be enrolled in, the Rhode Island Municipal Employees Retirement System. The Library provides its full-time employees with a non-governmental, defined contribution pension plan that is governed by the Employee Retirement Income Security Act, which does not apply to government plans. The Library is also required to have a fidelity bond related to its defined contribution pension, which is a requirement that governmental employers typically do not have.

14.     NEARI is a labor organization that has traditionally represented employees of city and state public schools. Over the past few months, it has engaged in an effort to organize the Library's employees for the sake of collective bargaining. As part of its campaign, NEARI has filed an election petition (EE-3733) and three unfair labor practice charges (ULP-6125, ULP-6126, and ULP-6127) against the Library with the SLRB. (Hereinafter, the election petition and three unfair labor practice charges are referred to collectively as the "SLRB Library Cases.")

15.     The Library has denied (and continues to deny) that it committed any unfair labor practices, but it has also maintained that it is not subject to the SLRB's jurisdiction because it is an "employer" under the NLRA, 29 U.S.C. § 152(2); thus, the NLRA completely preempts the SLRB Library Cases and any other state action or statute that would attempt to regulate and/or interfere with the Library's rights under the NLRA.

16. On December 17, 2013, during the SLRB's first informal conference in EE-3733, the Library raised the foregoing federal preemption and jurisdiction issues with the SLRB. In response, the SLRB's Administrator instructed the Library to submit a written Statement of Request to the SLRB requesting it to petition the National Labor Relations Board (the "NLRB") for an advisory opinion about whether the NLRB would decline to assert jurisdiction over the SLRB Library Cases. On December 23, 2013, however, the SLRB's Administrator rescinded her instruction and concluded that that the Library falls under the SLRB's jurisdiction.

17. Since December 13, 2013, and in derogation of federal preemption principles and case law, the SLRB has continued to assert that it has jurisdiction over the SLRB Library Cases. It has required the Library to, inter alia, participate in informal conferences, informal hearings and informal briefing, and it is poised to begin formal hearings.

### Count I
### Declaratory Judgment – Federal Law Preemption
### 28 U.S.C. § 2201
### (The SLRB Defendants and NEARI)

18. The Library hereby re-alleges and incorporates by reference the allegations contained in all of the foregoing paragraphs as if they are fully set forth herein.

19. An actual controversy exists between the Library, the SLRB Defendants, and NEARI concerning whether or not the Library is an "employer" within the meaning of the NLRA, 29 U.S.C. § 152(2), and whether or not the NLRA completely preempts any action by the SLRB related to NEARI's charges of alleged unfair labor practices and its attempt to organize or represent the Library's employees for the purposes of collective bargaining.

20. By continuing to assert authority over the Library, the SLRB Defendants are interfering with the Library's federal statutory and constitutional right to have the NLRB

adjudicate any disputes and administer any representation issues between it and labor organizations.

21. In fact, one of the SLRB Library Cases is a charge by NEARI that the Library has committed an unfair labor practice by simply raising these issues of federal preemption to the SLRB. A second charge from NEARI challenges the Library's dissemination of a memorandum to its employees, which offered a factual explanation of the election process along with the Library's position with respect to unionization; thus implicating the Library's rights to free speech guaranteed by the First Amendment and the NLRA, 29 U.S.C. § 158(c).

22. The SLRB Defendants are forcing the Library to expend its limited funds, the vast majority of which come from charitable donations, on proceedings over which the SLRB has no jurisdiction. These are funds that are unrecoverable even if the Library eventually succeeds against NEARI and the SLRB, and these are funds that the Library needs to spend elsewhere to continue its charitable mission of strengthening the community by providing opportunities that support lifelong learning, encourage inspiration, imagination and enjoyment, and connect people with each other and to the rest of the world.

23. The Court should resolve this controversy by issuing a declaratory judgment under 28 U.S.C. § 2201 that the Library is an "employer" within the meaning of the NLRA, 29 U.S.C. § 152(2), so the NLRA completely preempts any action by the SLRB related to the SLRB Library Cases and NEARI's attempt to organize or represent the Library's employees for the purposes of collective bargaining.

## Count II
## Civil Action for Deprivation of Rights
## 42 U.S.C. § 1983
## (The SLRB Defendants)

24. The Library hereby re-alleges and incorporates by reference the allegations contained in all of the foregoing paragraphs as if they are fully set forth herein.

25. The SLRB Defendants have asserted authority over the Library under color of Rhode Island law, including but not limited to Rhode Island's Labor Relations Act, R.I. Gen. Laws § 28-7-1 et seq., by and through the SLRB Administrator, to whom they have expressly delegated authority, and through their official actions, which include but are not limited to noticing meetings to discuss and vote upon the SLRB Library Cases.

26. By continuing to assert authority over the Library, the SLRB Defendants are interfering with the Library's federal right to have the NLRB adjudicate any disputes and administer any representation issues between it and labor organizations, and the Library's rights to free speech guaranteed by the First Amendment and the NLRA, 29 U.S.C. § 158(c).

27. The Court should grant the Library injunctive relief as prayed for below to prevent the SLRB Defendants from continuing to deprive the Library of its rights, privileges, or immunities secured by the United States Constitution and the laws of the United States.

**PRAYER FOR RELIEF**

**WHEREFORE,** the Library respectfully requests that this Court do the following:

A. Enter a declaratory judgment that the Library is an "employer" within the meaning of the NLRA, 29 U.S.C. § 152(2), so therefore the NLRA and other federal labor laws completely preempt any action by the SLRB related to the SLRB Library Cases and NEARI's attempt to organize or represent the Library's employees for the purposes of collective bargaining;

WKS9029v4 7

B.  Enjoin the SLRB Defendants and their agents and employees from instituting, maintaining, and/or prosecuting any state action against the Library for the purposes of regulating conduct that falls under the jurisdiction of the NLRB, or which conduct is protected by the First Amendment or the NLRA, 29 U.S.C. § 158(c); and

C.  Award the Library such other relief as the Court deems just, appropriate, and equitable.

## DESIGNATION OF LEAD COUNSEL

The Library hereby designates Timothy C. Cavazza as its lead counsel in this matter.

Respectfully submitted,

NEWPORT PUBLIC LIBRARY,

By and through its attorneys,

_____
Timothy C. Cavazza (#8079)
Matthew H. Parker (#8111)
WHELAN, KINDER & SIKET LLP
30 Kennedy Plaza, Suite 402
Providence, RI 02903
(401) 270-4500
(401) 270-3760
tcavazza@whelankindersiket.com
mparker@whelankindersiket.com

Dated: February 21, 2014